**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**September 10, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

DARRELL G. HAFEN,

      Plaintiff - Appellant,

v.

KEVIN CARTER, Director of SITLA;
MICHAEL MORRIS, Chairman of
SITLA,

      Defendants - Appellees.

No. 07-4123
(D.C. No. 2:06-CV-989-DB)
(D. Utah)

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY**, **MURPHY**, and **O'BRIEN**, Circuit Judges.[**]

---

Plaintiff-Appellant Darrell G. Hafen, appearing pro se, appeals the district

court's dismissal, on mootness grounds, of his 42 U.S.C. § 1983 action against

Kevin Carter and Michael Morris of the State of Utah School and Institutional

Lands Administration ("SITLA"). He also appeals the denial of several post-

---

[*] This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge
panel has determined unanimously that oral argument would not be of material
assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th
Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

judgment motions. In his complaint, Mr. Hafen alleged that his rights were being violated because he was not allowed to speak at a November 30, 2006 SITLA meeting, and he requested that the court order SITLA to refrain from making any decision regarding certain land to which he had laid claim. In a memorandum opinion and order entered on December 26, 2006, the district court held that the case was moot because the date for the meeting had come and gone. However, exercising jurisdiction pursuant to 28 U.S.C. § 1291, we vacate and remand.

## Background

According to Mr. Hafen, at some far off time, Utah officials promised to sell him a large parcel of land for development purposes. After personal problems developed between Mr. Hafen and an adjacent landowner, Mr. Hafen delayed the purchase of this land with Utah's acquiescence. Mr. Hafen contends that during this delay he received repeated assurances that Utah would still sell him the land when he was ready.

Sometime in late 2006, however, Mr. Hafen heard through the grapevine that Utah—namely SITLA—intended to sell the property to someone else. SITLA scheduled a hearing for November 30, 2006 to discuss the impending sale. Mr. Hafen sought leave to speak at the hearing, but Messrs. Carter and Morris, respectively SITLA's Director and Chairman, allegedly decided he would not be permitted to do so.

- 2 -

Two days prior to the November 30 meeting, Mr. Hafen filed a one-page complaint and an emailed motion for a temporary injunction to prevent SITLA from making any binding decision with regard to the property at issue. He also asserted violations of his constitutional rights arising from, inter alia, the defendants' refusal to allow him to speak at the meeting. The only relief requested, however, was that the November 30 meeting be stopped from taking place or, alternatively, that SITLA be ordered not to make any binding decisions regarding the disputed land at the meeting. Unfortunately, by the time the district court reviewed the complaint and the motion for temporary restraining order, the hearing date had already passed. Thus, the district court denied the motion for temporary restraining order and dismissed the complaint as moot in a brief memorandum opinion and order dated December 19, 2006, but entered December 26, 2006. No judgment was entered on a separate document. See Fed. R. Civ. P. 58(a)(1).

On December 26, 2006, Mr. Hafen attempted to file an amended complaint. In it, he clearly requested that the district court issue an order granting him a right to appear at any future SITLA meeting. The district court declined to accept the amended complaint as it was filed after the case was closed and due to "other procedural defects." R. Doc. 20 at 1 (citing D. Utah Civ. R. 3-5). The docket sheet indicates that the complaint was lodged (it actually was filed) because the case had been closed in accordance with the order of the court. Mr. Hafen also

subsequently filed a motion for discovery, a motion for clarification, and two motions for reconsideration, all of which were denied. Mr. Hafen then appealed on May 16, 2007.

### Discussion

We review the district court's grant of the defendants' motion to dismiss de novo, accepting all well-pleaded factual allegations as true and viewing them in the light most favorable to Mr. Hafen. See Lovell v. State Farm Mut. Auto. Ins. Co., 466 F.3d 893, 898-99 (10th Cir. 2006). Because Mr. Hafen is proceeding pro se, we construe his pleadings liberally. See Erickson v. Pardus, – U.S. – , 127 S. Ct. 2197, 2200 (2007). In analyzing the district court's dismissal, we must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, – U.S. –, 127 S. Ct. 1955, 1974 (2007). In other words, "the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." Ridge at Red Hawk L.L.C. v. Schneider, 493 F.3d 1174, 1177 (10th Cir. 2007). Moreover, mootness questions are also reviewed de novo. Faustin v. City & County of Denver, 268 F.3d 942, 947 (10th Cir. 2001).

At first glance, this appears to be an untimely appeal from various motions for reconsideration, as the orders disposing of the motions for reconsideration were entered on February 9, 2007 and March 22, 2007, and the notice of appeal

- 4 -

was filed May 16, 2007.  R. Docs. 20, 22 & 25; Fed. R. App. P. 4(a)(1)(A) (prescribing a thirty day time period for filing a notice of appeal).  However, the district court did not incorporate its memorandum opinion and order of dismissal (entered on December 26, 2006), into a separate document constituting a judgment.  Thus, its December 26, 2006, order was not considered entered (insofar as beginning the time to appeal) until 150 days after it was entered in the civil docket.  See Fed. R. Civ. P. 58(a)(1) & (b)(2)(B); Fed. R. App. P. 4(a)(7)(A)(ii).  Accordingly, we have jurisdiction.  See Clymore v. United States, 415 F.3d 1113, 1116-17 & 1117 n.5 (10th Cir. 2005) (recognizing jurisdiction over orders granting summary judgment and denying motions for reconsideration where no separate judgment had been entered).

Moreover, at the time Mr. Hafen attempted to file his amended complaint (a mere seven days after the dismissal), no final judgment had been entered and no responsive pleading had been filed.  See Adams v. Campbell County Sch. Dist., 483 F.2d 1351, 1353 (10th Cir. 1973) ("A motion to dismiss is not a responsive pleading within the meaning of [Fed. R. Civ. P.] 15(a)."); see also Crestview Vill. Apartments v. U.S. Dep't of Hous. & Urban Dev., 383 F.3d 552, 557-58 (7th Cir. 2004) ("[A]n order dismissing the original complaint normally does not eliminate the plaintiff's right to amend once as a matter of right.  If final judgment is entered dismissing the case, however, the plaintiff loses that right.") (internal modifications omitted).  Accordingly, under Fed. R. Civ. P. 15(a), Mr. Hafen

could amend his complaint as a matter of course without seeking leave of court. Nonetheless, "the right to amend as a matter of course is not absolute." Crestview, 383 F.3d at 558. Defendants and the courts should not be tasked with responding to futile amendments, and thus "a court may deny leave to amend if the proposed amendment fails to cure the deficiencies in the original pleading, or could not survive a second motion to dismiss." Id. (internal quotation marks omitted). We evaluate such a denial for an abuse of discretion. Foman v. Davis, 371 U.S. 178, 182 (1962).

Here, remand for consideration of the amended complaint is required for two reasons. First, the district court denied Mr. Hafen leave to file his amended complaint because the case was closed–yet closing the case cannot defeat a litigant's right to file an amended complaint pursuant to Fed. R. Civ. P. 15(a). Thus, the district court's discretion was exercised with an erroneous view of the law. Second, as alluded to, the district court dismissed Mr. Hafen's original complaint on mootness grounds. While the relief requested in the original complaint was undoubtedly moot given the limited request to halt the November 30 meeting, see Church of Scientology v. United States, 506 U.S. 9, 12 (1992), the request for broader relief contained within the amended complaint—namely that Mr. Hafen be granted a right to attend any future SITLA meeting—cures the

deficiency identified in the district court's memorandum opinion and order.[1]

Although the district court also refused to accept the amended complaint on the

basis of unspecified procedural defects, those defects are not identified and we

believe the better course is for the district court to identify them so that Mr.

Hafen could attempt to cure them.  See Foman, 371 U.S. at 182.

     VACATED and REMANDED.

                      Entered for the Court


                      Paul J. Kelly, Jr.
                      Circuit Judge

---

[1]  We express no opinion regarding any other potential grounds for dismissal or whether Mr. Hafen has any right to attend SITLA meetings.