**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**July 9, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

PUBLISH

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

THE RIDGE AT RED HAWK, L.L.C.,

    Plaintiff - Appellant,

v.

JAMES M. SCHNEIDER; S&K
DEVELOPMENT COMPANY, INC.,

    Defendants - Appellees.

No. 06-4162

**APPEAL FROM THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF UTAH**
**(D.C. No. 2:05-CV-44-TS)**

Thomas William Peters (and David W. Scofield, Peters, Scofield, Price, on the
brief), Salt Lake City, Utah, for Plaintiff - Appellant.

Robert B. Lochhead, Parr, Waddoups, Brown, Gee & Loveless, Salt Lake City,
Utah, for Defendants - Appellees.

Before **KELLY**, **HENRY**, and **LUCERO**, Circuit Judges.

**KELLY**, Circuit Judge.

    Plaintiff-Appellant The Ridge at Red Hawk, L.L.C. ("The Ridge") appeals

the district court's dismissal of its complaint, which sought the vacation or

modification of an arbitration award on the ground that the arbitrators erred in determining the proper venue for arbitrating a dispute between The Ridge and Defendants-Appellees James M. Schneider and S&K Development Company, Inc. ("S&K"). The Ridge first attempted to persuade a Texas trial court that venue was proper in Utah. However, the court referred the venue question to the arbitration panel, which concluded that venue was proper in Texas. The Ridge then filed this action in federal court in Utah to challenge the panel's findings. The district court granted the Defendants' motion to dismiss, holding that the venue ruling was a mixed question of fact and law and the parties' arbitration agreement permitted judicial review of pure legal questions only. We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291, and we affirm.

## Background

The Ridge is a Utah limited liability company with its principal place of business in Summit County, Utah. In 2002, it became a limited partner with 49% ownership of a Texas venture known as Mountain Red Hawk Partners, Ltd. ("Mountain Red Hawk"), which was formed to develop real property in Summit County. K2 Properties, Ltd., was the other limited partner and also owned 49% of the partnership, and K2 Development Company, Inc., was the general partner and a 2% owner of Mountain Red Hawk. Thereafter, Mr. Schneider acquired K2 Properties's interest in Mountain Red Hawk, and S&K acquired K2

Development's interest.

Mr. Schneider and S&K do not contest that they are bound by the original partnership agreement and its amendments. Specifically, the parties agree that an arbitration clause compelled Mr. Schneider to seek arbitration when he sought to dissolve the partnership in 2004. Under that clause:

> In all arbitration proceedings in which the amount in controversy exceeds $100,000, in the aggregate, the arbitrators shall make specific, written findings of fact and conclusions of law. In all arbitration proceedings in which the amount in controversy exceeds $100,000, in the aggregate, the parties shall have, in addition to the limited statutory right, the right to seek vacation or modification of any award that is based in whole or in part on an incorrect or erroneous ruling of law by appeal to an appropriate court having jurisdiction. . . . The arbitrators' findings of fact shall be binding on all parties and shall not be subject to further review except as otherwise allowed by applicable law.

Aplt. App. 162-63. Moreover, the agreement provided that "[a]rbitration proceedings hereunder shall be conducted in the principal place of business of the party against whom arbitration proceedings are brought." Id. at 163.

On December 9, 2003, Mr. Schneider filed an action in Travis County, Texas District Court seeking to wind up and dissolve the partnership. Id. at 263. The Ridge filed an answer and then moved to compel arbitration in Utah, its principal place of business. Id. at 264. The court granted the motion in part, ordering that the dispute be arbitrated but referring the question of venue to the panel of arbitrators. The Ridge did not appeal this ruling.

The Ridge also did not initiate arbitration proceedings. Accordingly,

-3-

counsel for Mr. Schneider sent counsel for The Ridge a demand for arbitration dated March 31, 2004. See id. at 262-65. Counsel explained that Mr. Schneider had begun proceedings before the American Arbitration Association but maintained that The Ridge had "brought arbitration against Schneider and the partnership" by moving to compel arbitration in Texas District Court. Id. at 264. Accordingly, Mr. Schneider argued that the arbitration should be held in his principal place of business, Texas.

On June 7, 2004, The Ridge filed a petition to compel arbitration in Utah federal district court. In the petition, The Ridge sought an order compelling Mr. Schneider to "terminate the Texas arbitration proceedings and, if he wishes to arbitrate a dispute with Red Hawk and/or the Partnership, to initiate arbitration proceedings in Utah in accordance with the terms of the parties' written agreement." The Ridge at Red Hawk's Petition for Order to Compel Compliance With Written Arbitration Provisions at 5, The Ridge at Red Hawk, L.L.C. v. James M. Schneider, 2:04-cv-00522-PGC (D. Utah June 7, 2004). Mr. Schneider filed a motion to dismiss for lack of subject matter jurisdiction, contending that the Texas state district court had referred the venue question to the arbitration panel, and the Rooker-Feldman doctrine prevented the federal court in Utah from re-litigating the issue. See D.C. Court of Appeals v. Feldman, 460 U.S. 462 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923). The federal district court granted Mr. Schneider's motion to dismiss on July 8, 2004. See Aplee. Br.

-4-

Att. 1, at 1-2.

The parties then prepared for arbitration in Texas. Prior to the arbitration, however, the parties stipulated in writing that they waived their entitlement to written findings of fact and conclusions of law from the panel. Aplt. App. at 188. The Ridge then argued that the proper venue was Utah, but the three-member arbitration panel issued a decision on September 9, 2004, ruling that the arbitration should proceed in Austin, Texas. It explained:

> The Arbitration Panel has considered the parties' contentions on venue/locale of the arbitration proceeding and the hearings to be held in connection therewith, including carefully considering The Ridge at Red Hawk's claims that the arbitration should be conducted in Utah, the Commercial Rules of the Association and all factors traditionally considered in connection with venue, and based upon all the facts and circumstances of this case, is of the opinion, and so finds, that venue of this arbitration proceeding and of the hearings to be conducted in connection therewith shall be in Austin, Texas.

Motion to Remand, Ex. E, James M. Schneider v. The Ridge at Red Hawk, L.L.C., 1:05-cv-00391-LY (W.D. Tex. June 20, 2005).[1]

The arbitration was held from November 29 through December 1, 2004. On December 30, 2004, the panel issued an award dissolving Mountain Red Hawk and providing a framework for the dissolution of partnership assets. See Aplt.

---

[1] Although Mr. Schneider's Motion to Remand is part of our record on appeal, the parties did not include this exhibit for us. However, it is part of the record in a related action in the United States District Court for the Western District of Texas, and its authenticity is not disputed by the parties, so we may consider it in reviewing the dismissal of The Ridge's claims. See County of Santa Fe v. Pub. Serv. Co. of N.M., 311 F.3d 1031, 1035 (10th Cir. 2002).

App. at 183-90.  It further determined that Mr. Schneider, as the prevailing party in his request for declaratory relief, was entitled to recover $30,000 in attorneys' fees as well as his share of the costs of the arbitration proceeding.  Id. at 187-88.

On January 14, 2005, The Ridge filed this action in Utah federal district court seeking to vacate or modify the arbitration award.  See id. at 16-19.  It contended that the arbitration panel made incorrect rulings of law, permitting court review of the award pursuant to § 14.16(e) of the Partnership Agreement.  Id. at 18-19.  Meanwhile, Mr. Schneider returned to the Texas state district court and filed a petition to confirm the arbitration award on May 20, 2005.  Before the court could rule on this petition, however, The Ridge removed the case to the federal district court for the Western District of Texas.  Mr. Schneider moved to remand the action to the Texas state district court, and the parties ultimately stipulated to the dismissal of the Texas litigation.  On August 10, 2005, the federal district court in Texas entered a final judgment of dismissal without prejudice.  It does not appear that either Texas court ever ruled on the petition to confirm the arbitration award.

Following the stipulated dismissal of the Texas litigation, Mr. Schneider filed a motion to dismiss The Ridge's Utah lawsuit for failure to state a claim upon which relief can be granted.  See Fed. R. Civ. P. 12(b)(6).  The district court granted this motion on December 9, 2005, holding that "any application of the Partnership Agreement's venue provisions at issue would necessarily have

resulted from a factual finding on the issue of which party was 'the party against whom the arbitration proceedings are brought.'" Aplt. App. at 12 (internal footnote omitted). Moreover, the court noted that "[i]t is not possible for a court to determine whether an arbitration award is 'based in whole or in part on an incorrect or erroneous ruling of law' where the objecting party waived the requirement that the arbitration panel's decisions be supported by 'specific written findings of fact and conclusions of law.'" Id. at 11-12. Accordingly, the court concluded that The Ridge had not pled sufficient allegations to support an order vacating or modifying the award due to an erroneous ruling of law, and it granted Mr. Schneider's motion to dismiss. Id. at 13. The Ridge filed a timely motion, pursuant to Fed. R. Civ. P. 59(e), seeking to alter or amend the judgment and to amend its complaint, but the district court denied this motion. Id. at 15.

## Discussion

We review a dismissal under Fed. R. Civ. P. 12(b)(6) de novo. Beedle v. Wilson, 422 F.3d 1059, 1063 (10th Cir. 2005). In conducting our review, we assume the truth of the plaintiff's well-pleaded factual allegations and view them in the light most favorable to the plaintiff. Id. And until recently, we have only affirmed a dismissal where "it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Id. (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). However, the Supreme

Court recently decided that "this famous observation has earned its retirement," and it has prescribed a new inquiry for us to use in reviewing a dismissal: whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, —U.S.—, 127 S. Ct. 1955, 1969, 1974 (2007). The Court explained that a plaintiff must "nudge[] [his] claims across the line from conceivable to plausible" in order to survive a motion to dismiss. Id. at 1974. Thus, the mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims.

The Ridge contends that it has satisfied its pleading obligations. It begins by conceding that the partnership agreement only permits the parties to seek judicial review of pure legal questions. However, it argues that the factual allegations in the First Amended Complaint establish that: (1) The Ridge has its principal place of business in Utah; (2) Mr. Schneider filed a demand for arbitration; and (3) the arbitration was held in Austin, Texas. See Aplt. App. at 106-07. It further notes that the partnership agreement was attached to the First Amended Complaint as an exhibit, id. at 109-74, and the district court properly referenced this document in ascertaining the criteria by which venue was to be judged, see Hall v. Bellmon, 935 F.2d 1106, 1112 (10th Cir. 1991). Because The Ridge alleged that the panel made incorrect rulings of law, including overruling

its objections to venue, Aplt. App. at 108, The Ridge contends that its allegations were sufficient to survive a motion to dismiss.

We disagree. The Ridge has a contractual right to seek vacation or modification of an arbitration award only if the award "is based in whole or in part on an incorrect or erroneous ruling of law." Id. 163. Necessarily, then, an incorrect ruling of law that is not the basis for an award is insufficient.[2] It is not enough merely to allege that "the panel . . . improperly overruled objections by The Ridge to venue," id. at 108, because the fact that an arbitration was held in an improper venue does not call into question the merits of the award.[3] The First Amended Complaint leaves the district court with no reason to conclude that the award was "based in whole or in part on an incorrect or erroneous ruling of law," id. at 163, so the court correctly held that The Ridge failed to state a claim on

_____

[2] Although the Texas Arbitration Act may indeed permit a court to vacate an arbitration award if the arbitration was conducted in an improper venue, see Aplt. Reply Br. at 6 (citing Tex. Civ. Prac. & Rem. Code Ann. § 171.088 (Vernon 2005)), the relevant question here is whether the allegedly erroneous venue ruling was the basis for the award. This question is controlled by the parties' contract, not the Texas Arbitration Act.

[3] This is because "venue is a matter that goes to process rather than substantive rights–determining which among various competent [tribunals] will decide the case." Am. Dredging Co. v. Miller, 510 U.S. 443, 453 (1994); cf. Indus. Addition Ass'n v. Comm'r of Internal Revenue, 323 U.S. 310, 313-14 (1945) ("[T]he court of trial having jurisdiction but not the proper venue may render a judgment binding on the parties."); In re Commitment of Johnson, 153 S.W.3d 129, 131 (Tex. App. 2004) ("A venue provision is not a substantive limitation on court power; it neither limits nor creates specific powers in a specific court.").

which relief could be granted.[4]

The First Amended Complaint has another fatal defect: it establishes that The Ridge cannot provide the court with a basis on which to conclude that venue was a purely legal determination. The Ridge argues that "where the particular character of the suit constitutes a factor in determining the question of venue, the character of the suit becomes a law question, arising on the pleadings, and the character of the suit is determinable solely by the allegations contained in the [complaint]." Aplt. Br. at 9 (quoting Hays v. McKemie, 185 S.W.2d 484, 485 (Tex. Civ. App. 1945)) (internal quotation marks omitted). However, the arbitration award, which was attached to the First Amended Complaint as an exhibit, notes the undisputed fact that "all parties to this arbitration have previously stipulated in writing to the Association that they each waive any requirement in the arbitration agreement that . . . 'the arbitrators shall make specific, written findings of fact and conclusions of law.'" Aplt. App. at 188. The Order on Venue does not explain the basis for the panel's venue determination, and without findings and conclusions on this issue, the district court simply cannot determine whether venue was a purely legal question or what facts the

---

[4] Although the district court did not justify its dismissal on this rationale, "[w]e may affirm the rulings of the lower court on any ground that finds support in the record . . . ." United States v. Ledford, 443 F.3d 702, 707 (10th Cir. 2005) (internal quotation marks omitted).

-10-

arbitration panel considered in reaching its venue ruling.[5]  Absent such a determination, The Ridge cannot prevail.

It is clear from the First Amended Complaint that The Ridge has failed to "nudge[] [its] claims across the line from conceivable to plausible," Twombly, 127 S. Ct. at 1974, and the district court properly granted Mr. Schneider's motion to dismiss.  Given the impossibility of stating a valid claim on the facts of this case, further amendments to the complaint would have been futile, and the district court did not err in denying The Ridge's Fed. R. Civ. P. 59(e) motion.  See Bauchman v. West High Sch., 132 F.3d 542, 562 (10th Cir. 1997).  The joint motion to clarify the record is granted.

AFFIRMED.

---

[5]  Notably, the Order on Venue states that the panel's ruling was "based upon all the facts and circumstances of this case," strongly suggesting that venue was not a pure legal question.  See Motion to Remand, Ex. E.