**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**July 19, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

DONJA VAUGHN,

      Plaintiff/Counter-
Defendant-Appellant,

v.

MARGARET KREHBIEL and
ROBERT KREHBIEL,

      Defendants/Counter-
Claimants-Appellees,

   and

JOEL STEVENSON and
GARY SHOUN,

      Defendants-Appellees.

No. 06-1290
(D.C. No. 04-cv-01358-MSK-CBS)
(D. Colo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **McCONNELL**, **PORFILIO**, and **BALDOCK**, Circuit Judges.

---

[*]    After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

This case concerns the boarding and ownership of horses. Plaintiff Donja Vaughn appeals from orders of the district court (1) dismissing, pursuant to Fed. R. Civ. P. 12(b)(6), her claims against defendants Margaret and Robert Krehbiel, who boarded the horses and who filed an agister's lien[1] in Colorado state court; (2) dismissing, pursuant to Rule 12(b)(6), her claims against Joel Stevenson and Gary Shoun, brand inspectors for the Colorado Department of Agriculture, who put the horses on hold due to questionable title and who allegedly advised the Krehbiels about the filing of the agister's lien; and (3) denying her motion to amend her complaint. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

In her complaint, Ms. Vaughn alleged claims against the Krehbiels for breach of contract and negligence and claims against all defendants for conspiracy to deprive her of property without due process in violation of 42 U.S.C. § 1983, tortious interference with contract, malicious prosecution, and conversion. The Krehbiels filed a motion to dismiss. In a published order, the district court granted the motion in part, concluding that the due process, tortious interference with contract, and conversion claims were barred by the applicable two-year statute of limitations. *Vaughn v. Krehbiel*, 367 F. Supp. 2d 1305, 1310-12

---

[1] The agister's lien was a lien on the horses left in the care of the Krehbiels to secure payment for their boarding fees. *See Black's Law Dictionary* 73, 941 (8th ed. 2004) (definitions of agister and agister's lien).

(D. Colo. 2005). In addition, the court found that the doctrine of claim preclusion warranted dismissal of the breach of contract claim and most of the negligence claim. *Id.* at 1312-14. Thereafter, the Krehbiels filed their answer to Ms. Vaughn's remaining claims against them--the malicious prosecution claim and the remainder of the negligence claim--and filed counterclaims against Ms. Vaughn for breach of contract, quantum meruit, and unjust enrichment.

Mr. Stevenson and Mr. Shoun filed a motion to dismiss all claims against them. And Ms. Vaughn filed a motion to dismiss the counterclaims. In an order dated January 19, 2006, the district court granted in part Mr. Stevenson's and Mr. Shoun's motion. Aplt. Supp. App. at 139-46. For the reasons stated in its published order, the district court dismissed the due process, tortious interference with contract, and conversion claims against them as barred by the statute of limitations. *Id.* at 142. Also, the court found that Ms. Vaughn failed to state a malicious prosecution claim under § 1983 for a deprivation of her Fourth Amendment rights, because her complaint refers to civil proceedings and does not assert a violation of personal liberty or privacy and, even if she had premised her malicious prosecution claim on criminal charges lodged against her, the complaint did not state sufficient facts to implicate Mr. Stevenson or Mr. Shoun in the institution or maintenance of criminal charges against her. *Id.* at 142-43. Because the dismissal of all federal claims deprived the district court of subject matter jurisdiction, that court declined to exercise supplemental jurisdiction over

the remaining state-law claims, including the Krehbiels' counterclaims. *Id.* at 144-45. In addition, it also declined to address Ms. Vaughn's motion to dismiss the counterclaims. *Id.* at 146.

Within ten days, Ms. Vaughn filed a motion to reconsider the January 19 order and requested leave to amend her complaint to add a plaintiff and to add more details that were allegedly newly discovered. In an order dated June 16, 2006, the district court denied reconsideration and leave to amend. Aplt. App. at 251-56. The court denied the motion to reconsider because it was "incomprehensib[le]," it was based on "a false premise," and it failed to indicate that the court "misconstrued the evidence or otherwise erred." *Id.* at 253-54. Also, the court decided any amendment of the complaint would be the product of undue delay and would be futile. *Id.* at 254-55.

On appeal, Ms. Vaughn argues that (1) the district court erred in dismissing, under Rule 12(b)(6), her due process, conversion, and malicious prosecution claims; (2) the statute of limitations did not bar her malicious prosecution claim; and (3) the district court abused its discretion in denying her leave to amend her complaint. In addition, she contends, for the first time on appeal, that her malicious prosecution claim against the Krehbiels is based on diversity jurisdiction and that the Colorado Governmental Immunity Act's notice of claim requirements do not apply to her § 1983 claim.

We review the district court's dismissal under Rule 12(b)(6) de novo. *Ridge at Red Hawk, L.L.C. v. Schneider*, No. 06-4162, 2007 WL 1969681, at *3 (10th Cir. July 9, 2007). In reviewing, we assume the truth of Ms. Vaughn's well-pleaded factual allegations and view those allegations in the light most favorable to her. *See id.* To survive a motion to dismiss, her complaint must contain enough facts to plausibly suggest that a claim has been made. *See Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1965, 1969 (2007). "[T]he complaint must give the court reason to believe that [Ms. Vaughn] has a reasonable likelihood of mustering factual support for [her] claims." *Ridge at Red Hawk, L.L.C.*, 2007 WL 1969681, at *3.

Having reviewed the parties' briefs and appendices and the applicable law pursuant to these standards, we conclude that Ms. Vaughn has asserted no reversible error on appeal concerning the district court's dismissal orders. We therefore affirm for substantially the same reasons stated by the district court in its thorough orders of April 11, 2005, and January 19, 2006. *See Vaughn*, 367 F. Supp. 2d 1305; Aplt. Supp. App. at 139.

Next, we review the district court's denial of Ms. Vaughn's motion to amend her complaint for an abuse of discretion. *Barfield v. Commerce Bank, N.A.*, 484 F.3d 1276, 1280 (10th Cir. 2007). For substantially the same reasons set forth in the district court's order of June 16, 2006, *see* Aplt. App. at 251, we conclude the district court did not abuse its discretion. The proposed amendment

could not have withstood a motion to dismiss. *See Walker v. Elbert*, 75 F.3d 592, 599 (10th Cir. 1996). And Ms. Vaughn failed to provide an adequate explanation for her delay in moving to amend the complaint. *See Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1206 (10th Cir. 2006).

Ms. Vaughn for the first time asserted in her appellate brief, but without any discussion, that the malicious prosecution claim against the Krehbiels is based on diversity jurisdiction. In her reply brief, she suggests for the first time that this court could dismiss Mr. Stevenson and Mr. Shoun as parties pursuant to Fed. R. Civ. P. 21 to cure a jurisdictional defect of incomplete diversity. *See Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 827, 832, 837 (1989) (holding that Rule 21 gives appellate courts authority to dismiss non-diverse, dispensable party to cure jurisdictional defect). Typically, we do not consider issues raised for the first time in a reply brief. *Stump v. Gates*, 211 F.3d 527, 533 (10th Cir. 2000). But we will consider a new issue when it relates to actual jurisdictional requirements. *Sadeghi v. INS*, 40 F.3d 1139, 1143 (10th Cir. 1994). The jurisdictional issue before us, however, does not cause us to deviate from our typical rule. This is not a case where the district court lacked jurisdiction. And we will not allow Ms. Vaughn to shift her basis for jurisdiction at this late date simply because she did not like the result in the district court.

Finally, we conclude that Ms. Vaughn's argument concerning the Colorado Governmental Immunity Act is irrelevant. The district court did not apply this Act to any of her claims.

Accordingly, the judgment of the district court is AFFIRMED.

Entered for the Court


Michael W. McConnell
Circuit Judge