FILED
**United States Court of Appeals**
**Tenth Circuit**

**February 20, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

STEVEN CHAVEZ LOPEZ,

      Plaintiff-Appellant,

  v.

UNITED STATES SENTENCING
COMMISION [sic] Washington,
D.C.; KENNETH P. COHEN,
DISTRICT COURT WELD
COUNTY; JUDGE HAYS;
COLORADO STATE DISTRICT
ATTORNEY'S OFFICE AND
COMPLETE STAFF; SUSAN
KNOX, D.A.; COLORADO
DIVISION OF PAROLE AND
COMMUNITY CORRECTIONS;
JEANEENE MILLER; TIM HAND;
COLORADO DEPARTMENT OF
CORRECTIONS; GOVERNOR
BILL RITTER; PEOPLE OF THE
STATE OF COLORADO;
COLORADO ATTORNEY
GENERAL JOHN SUTHERS;
UNITED STATES DEPARTMENT
OF JUSTICE; UNITED STATES
ATTORNEY GENERAL
ALBERTO GONZALES;
AMERICAN CORRECTIONAL
ASSOCIATION; JAMES A.
GONZALES, JR.; COLORADO
DEPARTMENT OF
CORRECTIONS BILL ZALMAN;
COLORADO DEPARTMENT OF
CORRECTIONS TIME COMP
DONNA THURLOW AND
COMPLETE STAFF; VALUE

No. 07-1323

(D. Colorado)

(D.C. No. 07-CV-00583-ZLW)

ADDED COMMUNICATION AND ZERO PLUS DEALING TONY DISTANCE, INC.; ARKANSAS VALLEY CORRECTIONAL FACILITY; WARDEN LOU ARCHULETA; MAJOR JARAMILLO, Arkansas Valley Correctional Facility; SHIRLEY STEINBECK, ACA Coordinator; JOHN E POTTER, Postmaster General United States Postal Service, Washinton, D.C.; CAPTAIN GONZALES AND COMPLETE CASE MANAGEMENT STAFF 1-20 AVCF; SGT. NORA KURTZ, Mailroom & Complete Staff of Arkansas Valley Correctional Facility; and JOHN DOE & JANE DOE 1-200,

Defendants-Appellees.

---

**ORDER AND JUDGMENT**[*]

---

Before **HENRY**, Chief Judge**,** and **TYMKOVICH** and **HOLMES**, Circuit Judges.[**]

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f) and 10th Cir. R. 34.1(G). The

(continued...)

Steven Chavez Lopez, a Colorado state prisoner proceeding pro se, appeals the district court's sua sponte dismissal of his 42 U.S.C. § 1983 civil rights complaint without prejudice. For substantially the same reasons set forth by the district court, we affirm the district court's decision.

## I. BACKGROUND

In his pro se civil rights complaint, Mr. Lopez asserted that he had been sentenced by a Colorado state court to a term of five years' imprisonment, followed by six years' mandatory parole. He alleged that: (a) the imposition of mandatory parole was illegal; (b) his sentence exceeded the presumptive range for his crimes; (c) his sentence violated the plea agreement; and (d) he had not received the good time and earned time credits to which he was entitled.

Mr. Lopez also alleged that the prison grievance system "just doesn't work." Rec. doc. 4, at 11 (Complaint, filed Apr. 16, 2007). He maintained that prison officials had failed to comply with deadlines and that one of the defendants, Sergeant Nora Kurtz had "censor[ed] inmate outgoing legal mail and impeed[ed] (sic) access to the courts." Id.

---

**(...continued)
case is therefore ordered submitted without oral argument.

The district court dismissed Mr. Lopez's complaint sua sponte. The court reasoned that, to the extent that Mr. Lopez was challenging his conviction and sentence, the appropriate remedies were provided by the federal habeas corpus statutes: 28 U.S.C. §§ 2241 and 2254. The court also noted that Mr. Lopez could not recover damages arising out of the allegedly wrongful convictions and sentences until they were "reversed on direct appeal, expunged by executive order, declared invalid by an authorized state tribunal, or called into question by the issuance of a federal habeas writ." Rec. doc. 11, at 3 (citing Heck v. Humphrey, 512 U.S. 477, 486-87 (1994)). Despite this requirement, Mr. Lopez had not alleged, and nothing in the court file indicated, that his conviction or sentence had been overturned by the specified means. Finally, as to Mr. Lopez's challenge to the prison grievance system, the district court characterized his complaint as vague and conclusory: "[i]t is not clear what specific claims Mr. Lopez may be raising . . . or why he believes that his constitutional rights have been violated." Id. at 4.

## II. DISCUSSION

We review de novo the lower court's decision to dismiss Mr. Lopez's complaint. See Trujillo v. Williams, 465 F.3d 1210, 1215 (10th Cir. 2006). Under the Prison Litigation Reform Act, 28 U.S.C. 1915(e)(2)(B)(ii), a district court may dismiss a prisoner's civil action sua sponte for failure to state a claim "if the allegations, taken as true, show the plaintiff is not entitled to relief."

-4-

Jones v. Bock, 127 S.Ct. 910, 920 (2007). We assume the truth of Mr. Lopez's well-pleaded factual allegations, viewing them in the light most favorable to him. See Ridge at Red Hawk, L.L.C. v. Schneider, 493 F.3d 1174, 1177 (10th Cir. 2007). We must determine "whether the complaint contains 'enough facts to state a claim to relief that is plausible on its face.'" Id. (quoting Bell Atl. Corp. v. Twombly, 127 S.Ct. 1955, 1974 (2007)). Thus, "the complaint must give the court reason to believe that [Mr. Lopez] has a reasonable likelihood of mustering factual support for [his] claims." Ridge at Red Hawk, 493 F.3d at 1177. Because Mr. Lopez is proceeding pro se, we liberally construe his pleadings. Gaines v. Stenseng, 292 F.3d 1222, 1224 (10th Cir. 2002).

Applying these standards, we agree with the district court's analysis. Mr. Lopez may not challenge his conviction and sentence in a 42 U.S.C. § 1983 action without first establishing that they have been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Heck, 512 U.S. at 487.

As to Mr. Lopez's vague challenges to the prison grievance system, we note that "[t]he courts of appeals that have confronted the issue are in agreement that the existence of a prison grievance procedure confers no liberty interest on a prisoner." Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001) (collecting

cases).  In any event, we agree with the district court that Mr. Lopez's conclusory allegations do not state a claim upon which relief can be granted.

We further note that a plaintiff prisoner alleging the denial of his constitutional right of access to the courts based on a failure to receive legal mail must allege intentional conduct interfering with that mail and "actual injury by frustrating, impeding, or hindering his efforts to pursue a legal claim."  Simkins v. Bruce, 406 F.3d 1239, 1243 (10th Cir. 2005) (internal quotation marks and alterations omitted).  Mr. Lopez's allegations are not sufficient to allege a violation of this right.

## III.  CONCLUSION

Accordingly, we AFFIRM the district court's dismissal of Mr. Lopez's complaint without prejudice.  We  GRANT Mr. Lopez's motion to proceed without prepayment of the appellate filing fees but remind him that he is obligated to continue making partial payments until all fees have been paid.

Entered for the Court,


Robert H. Henry
Chief Judge