**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**January 18, 2012**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

STEVEN CHAVEZ,

     Plaintiff-Appellant,

v.

BOB SCHWARTZ; AMY MAYER,

     Defendants-Appellees.

No. 11-2226
(D.C. No. 1:11-CV-00840-WPJ-CG)
(D. N.M.)

---

**ORDER AND JUDGMENT**[*]

---

Before **BRISCOE,** Chief Judge, **MURPHY** and **MATHESON**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is, therefore, submitted without oral argument.

Plaintiff Steven Chavez, a New Mexico state prisoner appearing pro se, appeals

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

from the district court's order dismissing his 42 U.S.C. § 1983 complaint for failure to state a claim. Exercising jurisdiction pursuant to 28 U.S.C. § 1291, we affirm the district court's decision.

I

In late 1999, Mr. Chavez pled guilty to three counts of first degree murder and was sentenced to a term of imprisonment of sixty years. He did not file a direct appeal.

In May 2011, Mr. Chavez filed a pro se motion with the District Court of Bernalillo County, New Mexico, seeking an order directing "the district Attorney or the clerk of Court to provide [him] with the complete copy of the Transcripts of the Grand Jury" proceedings in his criminal case, a "copy of the Indictment itself, a Complete Copy of the discovery," and the "Guilty Plea And Sentencing Transcripts." ROA, Vol. 1 at 13. Mr. Chavez asserted in his motion that the requested materials were necessary for him to "secure post-conviction relief." Id. Mr. Chavez's motion was denied on June 15, 2011, by Judge Bob Schwartz.

After his pro se motion was denied, Mr. Chavez sent a pro se letter to Judge Schwartz again "requesting a copy of [his] Grand jury proceedings." Id. at 17. On June 28, 2011, Judge Schwartz sent Mr. Chavez a letter acknowledging receipt of Mr. Chavez's letter, and stating: "I will not order the production of [the] transcripts until you have established its relevance to the grounds of your post conviction relief." Id. at 16.

Mr. Chavez then filed with the New Mexico Supreme Court a petition for writ of prohibition against Judge Schwartz. That petition was denied on July 15, 2011, by way of

an order signed by Amy Mayer, the Deputy Clerk of the New Mexico Supreme Court. Id. at 12.

On September 19, 2011, Mr. Chavez initiated these federal proceedings by filing a 42 U.S.C. § 1983 civil rights complaint against Judge Schwartz and Ms. Mayer. The single count asserted in the complaint alleged that Judge Schwartz and Ms. Mayer violated Mr. Chavez's due process rights by denying him "discovery, transcripts, [and] records" necessary "to file a successful post-conviction habeas petition." Id. at 3. The complaint sought relief in the form of an order directing "the state to provide the requested documents or the defendants to provide the requested materials free of charge." Id. at 6. Mr. Chavez requested and was granted leave to proceed in forma pauperis (IFP) under 28 U.S.C. § 1915.

On October 13, 2011, the district court, acting sua sponte under 28 U.S.C. § 1915(e)(2)(B) and Federal Rule of Civil Procedure 12(b)(6), issued a memorandum opinion and order dismissing Mr. Chavez's complaint. The district court concluded that Mr. Chavez's "allegations d[id] not state claims for relief," id. at 39, and that allowing Mr. Chavez an opportunity to amend his complaint would be futile, id. at 38.

Mr. Chavez now appeals.

## II

"We review de novo the district court's decision to dismiss an IFP complaint under 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim." Kay v. Bemis, 500 F.3d 1214, 1217 (10th Cir. 2007). We consider "whether the complaint contains 'enough facts to

state a claim to relief that is plausible on its face.'" Ridge at Red Hawk, L.L.C. v.

Schneider, 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting Bell Atl. Corp. v. Twombly,

127 S. Ct. 1955, 1969 (2007)).

After carefully examining Mr. Chavez's appellate pleadings and the record on

appeal, we conclude that the district court properly dismissed Mr. Chavez's complaint for

failure to state a claim upon which relief could be granted.  Generally speaking, the only

type of relief available to a plaintiff who sues a judicial officer is declaratory relief.  See

Schepp v. Fremont County, 900 F.2d 1448, 1452 (10th Cir. 1990); 42 U.S.C. § 1983

(prohibiting injunctive relief against judicial officers "unless a declaratory decree was

violated or declaratory relief was unavailable").  Declaratory relief is meant to define the

legal rights and obligations of the parties in anticipation of some future conduct, not

simply to proclaim liability for past actions.  See Utah Animal Rights Coal. v. Salt Lake

City Corp., 371 F.3d 1248, 1266 (10th Cir. 2004); Francis E. Heydt Co. v. United States,

948 F.2d 672, 676-77 (10th Cir. 1991).  We do not read Mr. Chavez's complaint as

seeking such relief.  Rather, it is clear that Mr. Chavez was claiming that the two named

defendants were liable under § 1983 for violating his due process rights when they denied

his requests for a copy of his transcript and other court records.  Moreover, his complaint

sought relief in the form of an order directing the two named defendants to take certain

official actions, a remedy that federal courts clearly lack the authority to enter.  See Knox

v. Bland, 632 F.3d 1290, 1292 (10th Cir. 2011) (holding that federal courts lack the

"authority to issue . . . a writ to direct state courts or their judicial officers in the

-4-

performance of their duties") (internal quotation marks omitted).

AFFIRMED.

Entered for the Court

Mary Beck Briscoe
Chief Judge
