FILED
United States Court of Appeals
Tenth Circuit

February 26, 2013

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

PABLO AGUIRRE,

      Plaintiff–Appellant,

v.

CITY OF GREELEY POLICE
DEPARTMENT; OFFICER TANYA
GUTIERRES; JESUS ALFREDO
MOLINA,

      Defendants–Appellees.

No. 12-1284
(D.C. No. 1:11-CV-01675-REB-MJW)
(D. Colo.)

## ORDER AND JUDGMENT[*]

Before **LUCERO**, **O'BRIEN**, and **MATHESON**, Circuit Judges.

Pablo Aguirre, proceeding pro se, appeals from the district court's dismissal of his

42 U.S.C. § 1983 claim. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

---

      * After examining appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

**I**

On December 5, 2007, Aguirre was arrested by City of Greeley police while driving his "family vehicle," a 2000 Escalade. Aguirre alleges that he called his brother the next morning to retrieve his vehicle from impound, but the vehicle was not there. Aguirre also alleges that his girlfriend later saw Jesus Alfredo Molina, one of the defendants, driving his vehicle and selling drugs.

In June 2011, Aguirre filed a complaint against the City of Greeley, the Greeley Police Department, Officer Tonya Gutierres, and Molina, claiming that they had carried out an unlawful seizure and forfeiture of his vehicle following his arrest. Defendants City of Greeley, Greeley Police Department, and Officer Gutierres moved to dismiss the suit as time-barred pursuant to Federal Rule of Civil Procedure 12(b)(6). A magistrate judge recommended that the motion be granted and that the claim against Molina be similarly dismissed as time-barred. Over Aguirre's objections, the district court adopted the magistrate judge's recommendations and dismissed the suit against all defendants. Aguirre appeals.[1]

**II**

We review de novo the district court's dismissal under Rule 12(b)(6). See Ridge at Red Hawk, L.L.C. v. Schneider, 493 F.3d 1174, 1177 (10th Cir. 2007). In doing so, "we assume the truth of the plaintiff's well-pleaded factual allegations and view them in

---

[1] Aguirre's notice of appeal was filed on July 16, 2012, four days late. However, Aguirre filed a declaration that he gave his notice of appeal to be mailed, with postage prepaid, to prison officials on July 12, 2012, the day the notice was due. Thus we apply the prison mailbox rule and consider his appeal timely. See Price v. Philpot, 420 F.3d 1158, 1163-64 (10th Cir. 2005).

the light most favorable to the plaintiff." Id. In order to withstand a motion to dismiss, there must be "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

The basis of the district court's dismissal of Aguirre's claims was the expiration of the relevant statute of limitations. The magistrate judge's recommendation noted that Aguirre was arrested in December 2007 and claimed that his brother informed him the next day that his vehicle was not impounded. Furthermore, Aguirre alleged that shortly thereafter he was told by his girlfriend that defendant Molina was in possession of his vehicle. The statute of limitations begins to run when the plaintiff knows or has reason to know of the injury that is the basis of the action. Workman v. Jordan, 32 F.3d 475, 482 (10th Cir. 1994). Thus, Aguirre's claim accrued soon after the alleged seizure of his vehicle, in December 2007. Because Aguirre's § 1983 claims are governed by a two-year statute of limitations, see Colo. Rev. Stat. § 13-80-102; Jordan, 32 F.3d at 482, the district court concluded that his June 27, 2011 complaint was untimely. Further, Aguirre had not made any showing that the limitations period should be tolled. See Dean Witter Reynolds, Inc. v. Hartman, 911 P.2d 1094, 1099 (Colo. 1996).

Nevertheless, on appeal Aguirre fails to discuss the timeliness issue beyond a cursory mention that "[t]he district court agreed" with the magistrate judge's "recommend[ation] that the complaint be dismissed because it was brought outside the two year statute of limitation period." "Issues not raised in the opening brief are deemed

-3-

abandoned or waived . . . a litigant who fails to press a point by supporting it with pertinent authority, or by showing why it is sound despite a lack of supporting authority or in the face of contrary authority, forfeits the point." Tran v. Trustees of State Colls. in Colo., 355 F.3d 1263, 1266 (10th Cir. 2004) (quotations and alterations omitted). We apply this rule even to pro se litigants who are entitled to liberal construction of their findings. Toevs v. Reid, 685 F.3d 903, 911 (10th Cir. 2012). Accordingly, Aguirre has waived any claim that the district court erred in its timeliness determination.

### III

**AFFIRMED**. We **DENY** Aguirre's motion to proceed in forma pauperis on appeal because he has failed to make a "reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal." DeBardeleben v. Quinlan, 937 F.2d 502, 505 (10th Cir. 1991). We direct Aguirre to make full payment of the appellate filing fee immediately.

Entered for the Court


Carlos F. Lucero
Circuit Judge