FILED
United States Court of Appeals
Tenth Circuit

March 20, 2013

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

TONY LEE GREEN, an individual,

Plaintiff–Appellant,

v.

LEXIS-NEXIS, a Massachusetts
corporation,

Defendant–Appellee.

No. 12-6102
(D.C. No. 5:11-CV-01420-C)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **LUCERO**, Circuit Judge, **PORFILIO**, Senior Circuit Judge, and
**MATHESON**, Circuit Judge.

Tony Lee Green appeals from the district court's dismissal of his amended

complaint under Fed. R. Civ. P. 12(b)(6).  Exercising jurisdiction under 28 U.S.C.

§ 1291, we affirm.

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously to grant the parties' request for a decision on the briefs without oral
argument.  See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G).  The case is therefore
ordered submitted without oral argument.  This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel.  It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

In his amended complaint, Green asserted negligence, libel, and slander claims against Lexis-Nexis. Green alleges that the company published a false criminal background report stating that he has felony convictions as a sex offender.

Lexis-Nexis moved to dismiss the amended complaint under Rule 12(b)(6). It argued that although Green asserted only state-law claims, those claims were based on information disclosed under and governed by the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681 et seq., which requires a showing that the defendant acted with malice or willful intent to injure. See § 1681h(e).[1] Because Green did not allege malice or willful intent to injure, Lexis-Nexis requested that the complaint be dismissed. In response, Green agreed that FCRA applies, but asserted that Lexis-Nexis's lack of due diligence met FCRA's requirement.

The district court dismissed the amended complaint without prejudice, determining that Green's allegations were conclusory and therefore failed to state a claim for relief. Additionally, the court determined that Green failed to allege facts suggesting malice or willful intent.

---

[1] Section 1681h(e) provides:

[N]o consumer may bring any action . . . in the nature of defamation . . . or negligence with respect to the reporting of information against any consumer reporting agency . . . based on information disclosed by a user of a consumer report to or for a consumer against whom the user has taken adverse action, based in whole or in part on the report except as to false information furnished with malice or willful intent to injure such consumer.

On appeal, Green argues that the district court erred in dismissing his amended complaint because the complaint asserted specific facts suggesting there is no reasonable procedure for Lexis-Nexis to ensure its published information is accurate as § 1681e(b) requires.[2] Green contends that Lexis-Nexis showed utter indifference and conscious disregard for the truth, which qualifies as malicious or willful.

We review the district court's 12(b)(6) dismissal de novo. Ridge at Red Hawk, L.L.C. v. Schneider, 493 F.3d 1174, 1177 (10th Cir. 2007). In doing so, "we assume the truth of [Green's] well-pleaded factual allegations and view them in the light most favorable to [him]." Id. To withstand a motion to dismiss, there must be "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. "[I]n ruling on a motion to dismiss, a court should disregard all conclusory statements of law and consider whether the remaining specific factual allegations, if assumed to be true, plausibly

_____

[2] Section 1681e(b) provides that "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates."

- 3 -

suggest the defendant is liable." Kan. Penn Gaming, LLC v. Collins, 656 F.3d 1210, 1214 (10th Cir. 2011).

Applying these standards, we conclude the district court correctly dismissed the amended complaint. Green asserts only conclusory claims for negligence, slander, and libel. Further, Green failed to assert any facts that if true would show that Lexis-Nexis acted with malice or willful intent to injure him as is required by § 1681h(e). Tellingly, the amended complaint does not even refer to FCRA. Green's conclusory assertion that Lexis-Nexis failed to exercise due diligence is not equivalent to an assertion that it acted with malice or a willful intent to injure him. Accordingly, we affirm the district court's dismissal.

**AFFIRMED**.

Entered for the Court

Carlos F. Lucero
Circuit Judge