**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 17, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

DANNY R. CAMPBELL,

      Plaintiff-Appellant,

v.

MIKE MULLIN; DEBBIE
ALDRIDGE,

      Defendants-Appellees.

No. 07-7041

(E.D. Oklahoma)
(D.C. No. CIV-06-343-RAW-SPS)

---

**ORDER AND JUDGMENT**[*]

---

Before **HENRY**, **TYMKOVICH**, and **HOLMES**, Circuit Judges,

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* FED. R. APP. P. 34(a)(2); 10TH CIR. R. 34.1(G).

Danny Campbell, a state prisoner proceeding pro se, appeals the district court's dismissal of his 42 U.S.C. § 1983 complaint against two prison officials.

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Mr. Campbell alleged that state prison officials had violated his constitutional rights on at least twelve occasions. We affirm the district court's dismissal without prejudice.

## I. BACKGROUND

Mr. Campbell filed this action while an inmate in the custody of the Oklahoma Department of Corrections (ODOC) incarcerated at Joseph Harp Correctional Center in Lexington, Oklahoma. His complaint revolves around events that allegedly occurred during his incarceration at Dick Conner Correctional Center in Hominy, Oklahoma (DCCC) and Oklahoma State Penitentiary in McAlester, Oklahoma (OSP). Mr. Campbell appears to allege that the defendants violated his constitutional rights when various prison officials (1) placed him in disciplinary segregation at DCCC for twenty days; (2) directed a racial slur toward him; (3) transferred him to OSP; (4) placed him in disciplinary segregation at OSP; (5) transferred him to a mental health unit; (6) placed him in H-Block at OSP; (7) placed him in disciplinary segregation for more than one month; (8) deprived him of lights; a winter coat; and limited his yard visits; (9) refused to allow him to leave his flooded cell; (10) allowed his toilet to overflow; (11) failed to do his laundry; and (12) allowed certain medications to be administered to him in 1989.

## II. DISCUSSION

We apply a de novo review to the district court's finding of failure to exhaust. *Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002). In reviewing the district court's dismissal, we must determine "whether the complaint contains enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007). In other words, "the complaint must give the court reason to believe that *this plaintiff* has a reasonable likelihood of mustering factual support for *these* claims." *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007). Because Mr. Campbell appears pro se, we review his pleadings and other papers liberally and hold them to a less stringent standard than those drafted by attorneys. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 & n. 3 (10th Cir. 1991).

The Prison Litigation Reform Act requires prisoners to exhaust available administrative remedies before bringing an action under 42 U.S.C. § 1983 in federal court. *See* 42 U.S.C. § 1997e(a); *Porter v. Nussle*, 534 U.S. 516, 524 (2002). At the time of the district court's decision, our precedent required prisoners to affirmatively plead exhaustion. *See Steele v. Fed. Bureau of Prisons*, 355 F.3d 1204, 1210 (10th Cir. 2003) (concluding § 1997e(a) imposes a pleading requirement on the prisoner). Thus, upon review of the prisoner's complaint, a court could dismiss sua sponte for failure to exhaust.

Recently, in *Jones v. Bock*, the Supreme Court determined "that failure to exhaust is an affirmative defense under the PLRA, and that inmates are not required to specially plead or demonstrate exhaustion in their complaints." 127 S. Ct. 910, 921 (2007). The prisoner no longer must demonstrate that each and every one of the claims in his complaint has been exhausted, and the failure to exhaust one claim does not result in the dismissal of them all. *Id.* at 923-26. Rather, only those claims that remain unexhausted may be dismissed. *Id.* at 923 ("All agree that no unexhausted claim may be considered."). Whether a pleading requirement or the subject of an affirmative defense, "there is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court." *Id.* at 918-19 (citing *Porter*, 534 U.S. at 524). Here, the defendants raised Mr. Campbell's failure to exhaust in a motion to dismiss. Thus, the district court's consideration of the exhaustion issue was proper both before and after *Jones*.

Before ruling on the exhaustion issue, the district court requested defendants file a *Martinez* report to investigate the incidents forming the basis of Mr. Campbell's complaint. *See Martinez v. Aaron*, 570 F.2d 317, 319 (10th Cir. 1978) (holding that a report may be necessary to determine certain preliminary issues). The *Martinez* report indicated that Mr. Campbell filed one grievance for an alleged assault and battery that took place in 2001 or 2002, which is not at

issue in this case. Mr. Campbell did not file any grievances regarding the alleged constitutional violations while he was incarcerated at DCCC or OSP.

In their motion to dismiss, the defendants note that proper exhaustion in this case would have entailed full compliance with the ODOC's four-step grievance procedures, as found in ODOC OP-090124. Rec. doc. 35, Ex. 1. At each step, if a prisoner does not receive a satisfactory response, he may proceed to the next step. The first step is to seek informal resolution by talking with staff; the second step is to file a written request to staff; the third step is to submit a grievance; and the fourth step is to appeal an unfavorable decision on a grievance to an appropriate reviewing officer. Having reviewed Mr. Campbell's claims, we agree that the district court correctly concluded that he failed to exhaust these grievance procedures on each claim before us.

### III. CONCLUSION

Accordingly, we AFFIRM the district court's dismissal of Mr. Campbell's complaint without prejudice. Mr. Campbell is reminded to continue making partial payments of his appellate filing fee until the entire balance is paid.

Entered for the Court,

Robert H. Henry
United States Circuit Judge

-5-