FILED
United States Court of Appeals
Tenth Circuit

November 13, 2012

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

JEAN MCBRIDE,

      Plaintiff-Appellant,

v.

BANK OF AMERICA,

      Defendant-Appellee.

No. 12-4035
(D.C. No. 2:10-CV-00960-DB)
(D. Utah)

**ORDER AND JUDGMENT**[*]

Before **GORSUCH**, **ANDERSON**, and **EBEL**, Circuit Judges.

Plaintiff Jean McBride, appearing pro se, appeals the district court's dismissal

of her complaint against the Bank of America (BofA) alleging claims related to her

home loan. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

**Background**. Ms. McBride bought a home in Saratoga Springs, Utah in

March 2005. To do so, she signed a Note in favor of Countrywide Home Loans, Inc.

(Countrywide) for $175,480, and signed a Deed of Trust naming Countrywide as the

---

[*]     After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of this
appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

lender, Chicago Title Insurance Company as trustee, and Mortgage Electronic Registration Systems, Inc. as beneficiary, solely as nominee for the lender and its successors and assigns. In 2008, BofA purchased Countrywide, and its subsidiary began servicing Ms. McBride's loan. In December 2008, BofA offered to lower Ms. McBride's interest rate, but Ms. McBride rejected that offer. At some point, Ms. McBride became delinquent on her loan payments and, in October 2009, BofA informed Ms. McBride that it was beginning foreclosure proceedings. Ms. McBride filed this action in September 2010.

Ms. McBride's complaint, as amended, provides a lengthy discussion about the real estate industry and the practice of mortgage securitization in general, but virtually no factual allegations specific to BofA or her loan documents. She asserted that BofA has no legal standing to bring collection or foreclosure proceedings on her property because neither BofA nor its counsel produced the original "wet-ink" note and because the Note may not be bifurcated from the Deed of Trust. She alleged generally that BofA violated the Truth-in-Lending Act (TILA) and the Real Estate Settlement Procedures Act (RESPA). She also alleged state law claims that BofA committed fraud; breached a duty of good faith and fair dealing; and intentionally inflicted emotional distress.

BofA moved to dismiss her amended complaint under Fed. R. Civ. P. 12(b)(6). As to the federal claims, it asserted that any possible TILA or RESPA claims were time-barred. As to the state law claims, it asserted that (1) the fraud allegations were

too conclusory and speculative to state a plausible claim and that Ms. McBride did not identify any misrepresentations or any party who made an alleged misrepresentation; (2) the good faith and fair dealing claim failed to state a claim because Ms. McBride failed to identify any contract she claimed to have been breached; (3) foreclosing on a trust deed is not, as a matter of law, so outrageous as to constitute an intentional infliction of emotional distress. Finally, it cited to Utah cases and federal cases interpreting Utah law that have rejected Ms. McBride's "show me the note" and "split the note" legal theories.

The district court granted BofA's motion to dismiss as to all of Ms. McBride's claims except those relating to her claim that BofA breached a duty of good faith and fair dealing in connection with the loan modification discussions. BofA then moved for summary judgment on that claim, presenting evidence that it repeatedly attempted to assist Ms. McBride obtain a loan modification, but she rejected these offers and did not respond to its requests for additional information. Ms. McBride filed a one paragraph response without any controverting evidence and the district court granted BofA's motion for summary judgment.

**Jurisdiction**. BofA asserts that this court only has jurisdiction to review the district court's January 24, 2011 order granting summary judgment because Ms. McBride's pro se notice of appeal only lists that order, not the earlier Rule 12(b)(6) order of dismissal. Ms. McBride's brief challenges aspects of both orders. Our jurisdiction "is limited to final judgments or parts thereof that are designated in

- 3 -

the notice of appeal." *Cunico v. Pueblo Sch. Dist. No. 60*, 917 F.2d 431, 444

(10th Cir. 1990).  But where, as here, the notice of appeal states that the final

judgment is being appealed, it includes all earlier interlocutory orders.  *See Cole v.*

*Ruidoso Mun. Schs.*, 43 F.3d 1373, 1383 n.7 (10th Cir. 1994) ("A notice of appeal

that names the final judgment is sufficient to support review of all earlier orders that

merge in the final judgment under the general rule that appeal from a final judgment

supports review of all earlier interlocutory judgments."(internal quotation marks

omitted)).  Thus, we have jurisdiction under § 1291 to review both orders.

 **Analysis**.  "We review a dismissal under [Rule] 12(b)(6) de novo." *Ridge at*

*Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007).  The crucial

inquiry is "whether the complaint contains 'enough facts to state a claim to relief that

is plausible on its face.'" *Id*. (*quoting Bell Atl. Corp. v.. Twombly*, 550 U.S. 544, 570

(2007)).  "We review the grant of summary judgment de novo, applying the same

standards as the district court." *Simmons v. Sykes Enters., Inc*., 647 F.3d 943, 947

(10th Cir. 2011).  Summary judgment is proper only "if the movant shows that there

is no genuine dispute as to any material fact and the movant is entitled to judgment as

a matter of law." Fed. R. Civ. P. 56(a).

 Liberally construing Ms. McBride's pro se brief, she raises two issues on

appeal.  First, she asserts that the district court failed to look at evidence in support of

her assertion that BofA lacked standing because it did not prove ownership of the

Note and Deed of Trust.  Ms. McBride does not identify what evidence she believes

- 4 -

the district court failed to consider and we see nothing in the record to support her assertion. The undisputed evidence in the record demonstrates that she waived any rights of presentment. R. Vol. 1, at 81. Moreover, "Utah law on nonjudicial foreclosure contains no requirement that the beneficiary produce the actual note." *Needham v. Fannie Mae*, 854 F. Supp. 2d 1145, 1154 (D. Utah 2012) (internal quotation marks omitted). Thus, we find no factual or legal error in the district court's rejection of this legal theory.

Second, Ms. McBride asserts that the district court ignored evidence that BofA filed forged and fraudulent documents in the Utah recorder's office. She does not direct this court to any evidence in the record that supports her conclusory assertion. In response to the magistrate judge's report and recommendation, Ms. McBride attached and cited to a consent order published by the Office of the Comptroller of the Currency (OCC) stating that it had identified certain deficiencies and unsafe or unsound banking practices related to BofA's residential loan servicing. This order, which is only between BofA and the OCC, is not evidence that BofA filed any forged or fraudulent documents with respect to Ms. McBride's loan documents. Ms. McBride also attached signature pages of incomplete documents, claiming that the notary signatures on these pages looked different to her. These materials do not support her fraud allegations and we find no error in the district court's dismissal of her fraud claim.

We perceive no factual or legal error in the district court's disposition of

Ms. McBride's claims.  Accordingly, the judgment of the district court is

AFFIRMED.  Appellant's motion to proceed in forma pauperis is GRANTED.


Entered for the Court


Stephen H. Anderson
Circuit Judge