FILED
United States Court of Appeals
Tenth Circuit

May 10, 2016

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

_____

NATHANIEL JAMES HARVEY, III,

     Plaintiff - Appellant,

v.

CATHERINE SEGURA, in her official
and individual capacity; BRET LANG,
(Unit 4) in his official capacity,

     Defendants - Appellees,

and

SGT. DENT; SGT. SCHMULTZER; LOU
ARCHULETA, Warden, in his official
capacity; ROGER WERHOLTZ, Deputy
Director of DOC, in his official capacity,

     Defendants.

No. 15-1374
(D.C. No. 1:13-CV-01574-RBJ-NYW)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **KELLY**, **O'BRIEN**, and **GORSUCH**, Circuit Judges.
_____

---

    [*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Nathaniel James Harvey is a Colorado prisoner who alleges that correctional officers Catherine Segura and Bret Lang violated his constitutional rights when Ms. Segura strip searched him and Mr. Lang failed to intervene. Mr. Harvey further alleges that Ms. Segura violated his right to the free exercise of religion by confiscating his religious headwear (a kufi). The district court dismissed the strip search claims and later granted summary judgment in favor of Ms. Segura on the kufi claim. Mr. Harvey now appeals both orders.

To be sure, even this much Ms. Segura and Mr. Lang dispute. They claim that Mr. Harvey's notice of appeal permits us to review only the district court's summary judgment order. But we "construe notices of appeal liberally," *Averitt v. Southland Motor Inn of Okla.*, 720 F.2d 1178, 1180 (10th Cir. 1983), and do the same for filings of pro se litigants like Mr. Harvey, *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). And we have long recognized that an "appeal from a final judgment supports review of all earlier interlocutory orders." *Cole v. Ruidoso Mun. Sch.*, 43 F.3d 1373, 1382 n.7 (10th Cir. 1994) (quoting 16 Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 3949, at 440 (Supp. 1994)). So because Mr. Harvey's notice of appeal names the final judgment, we do not doubt our authority to review both of the district court's dispositive rulings in this case. *See McBride v. Bank of Am.*, 501 F. App'x 783, 785 (10th Cir. 2012).

When it comes to the first of those rulings, concerning Mr. Harvey's strip search claim, the district court determined that Mr. Harvey failed to allege any facts suggesting that the search was conducted in an abusive fashion or with excessive

2

force and, accordingly, failed to plead a claim under the Eighth Amendment. The court also concluded that Ms. Segura was entitled to qualified immunity under the First Amendment because it wasn't clearly established at the time of the incident here that a prisoner had a right to be free from a strip search by a guard of the opposite sex on the basis of religious convictions. And because Mr. Harvey sued Mr. Lang in his official capacity only, the court found the claim was barred by sovereign immunity under the Eleventh Amendment. Mr. Harvey's briefing on appeal fails to provide any well-supported arguments for overturning the district court's dismissal of these claims, and neither can we on our own find fault with the district court's analysis.

The story is much the same when it comes to the summary judgment order. As the district court noted, Ms. Segura presented evidence that the confiscated kufi was an extra kufi that Mr. Harvey had failed to identify on his personal property list as required by prison policy. And although Mr. Harvey offered conclusory assertions that Ms. Segura confiscated his only kufi, the undisputed record evidence showed that Mr. Harvey never attempted to obtain another kufi and that, on two separate occasions after the confiscation, he signed off on lists of his property that included a kufi. So here again and even construing his pleadings liberally we see no reasoned basis on which we might overturn the district court's decision on the merits.

At this point, Mr. Harvey offers instead a procedural objection. He suggests that he was prevented from presenting competing evidence because the magistrate judge struck his cross-motion for summary judgment for failure to comply with district court practice standards and he never received the order permitting him to

3

refile.  But the district court reviewed Mr. Harvey's stricken cross-motion and found it contained nothing that might have called into question the facts that it employed in its summary judgment analysis and we have recited here.  Neither are we able to discern anything that might have aided his cause.  So any procedural error would appear to have been harmless and remedied by the district court's consideration of all of Mr. Harvey's papers.

The district court's judgment is affirmed.  Mr. Harvey's motion to proceed *in forma pauperis* on appeal is granted.  Nevertheless, he is required to pay all filing and docketing fees.  Only prepayment of fees is waived, not the fees themselves. 28 U.S.C. § 1915(a)(1).  Payment shall be made to the Clerk of the District Court.

ENTERED FOR THE COURT


Neil M. Gorsuch
Circuit Judge

4